Filed 1/6/16  P. v. Blanco CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ISIDRO BLANCO,<br><br>    Defendant and Appellant. | B256750<br><br>(Los Angeles County<br>Super. Ct. No. BA416478)<br><br>ORDER MODIFYING OPINION<br>AND DENYING REHEARING<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on December 11, 2015, be modified as follows: on page 7, immediately after the second full paragraph, add the following new paragraph:

We have reviewed the entire record and appellant's written arguments, and we have not found any arguable issue.  Appellant's arguments concerning *Brady* violations, prosecutorial and judicial misconduct, false witnesses, an unidentified witness, appellant's seeking a new trial, and denial of his rights to a fair trial and due process are not supported by the record.  Appellant's assertion concerning exhaustion of remedies does not present an arguable issue.  To the extent appellant argues his appellate counsel provided ineffective assistance of counsel by failing to raise the above issues, the argument is not supported by the record.  (Cf. *People v. Kelly* (2006) 40 Cal.4th 106, 109-110, 126.)

There is no change in the judgment.  Appellant's petition for rehearing filed on December 28, 2015, is denied.

[There is no change in the judgment.]

_____          _____          _____
EDMON, P. J.                          ALDRICH, J.                                  JONES, J.[*]

_____

[*]      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 12/11/15  P. v. Blanco CA2/3  (unmodified version)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B256750 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA416478) |
| v. | |
| ISIDRO BLANCO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jose I. Sandoval, Judge.  Affirmed.

Paul J. Katz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Appellant Isidro Blanco appeals from the judgment entered following his convictions by jury on count 1 – assault by means of force likely to produce great bodily injury, with infliction of great bodily injury, and count 2 – assault with a deadly weapon, with court findings he suffered a prior felony conviction, a prior serious felony conviction, and a prior prison term. (Pen. Code, §§ 245, subds. (a)(1) & (4), 667, subds. (a)(1) & (d), 667.5, subd. (b), 12022.7, subd. (a).) The court sentenced appellant to prison for 13 years. We affirm.

### FACTUAL AND PROCEDURAL SUMMARY

1. *The Present Offenses.*

    a. *People's Evidence.*

Viewed in accordance with the usual rules on appeal (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206), the evidence at trial[1] established that about 8:50 p.m. on May 4, 2013, Jackeline Trujillo, a registered nurse, was driving a car at First and Soto. Daniel Estrada, her boyfriend, was an occupant. Trujillo testified as follows. Trujillo saw a person, later identified as Ruben Medina (the victim), on the ground on the southwest corner of the intersection near the Metro station. Appellant, standing over Medina, kicked him in the head two or three times. Appellant picked up a bicycle, raised it over appellant's head, and threw it on Medina's head. Trujillo was little more than 36 feet from appellant and Medina, and the Metro station was well lit.

Trujillo, believing appellant was going to kill Medina, told Estrada to get out the car and do something. Estrada exited and ran toward appellant and Medina. Trujillo drove closer to the southwest corner of the intersection and got a close look at appellant. Trujillo parked and exited her car. Appellant fled. Trujillo asked someone to call 911 and she tended to Medina. She did not see anyone call 911. However, police passed by and she told someone to stop the police. Trujillo told police at the scene what she had observed. She positively identified appellant in a photographic lineup and at trial.

---

[1]    Appellant represented himself at trial.

Estrada testified as follows concerning the incident. Estrada saw a person, later identified as Medina, on his hands and knees and appellant punching Medina four or five times in his upper body. Appellant kicked Medina in the head about four or five times. Appellant held a bicycle in the air. It appeared appellant was beginning to strike Medina with the bicycle but Estrada did not see appellant strike Medina with it. Appellant threw the bicycle. Estrada exited the car and appellant and Estrada faced each other at about arm's length. Appellant fled down the Metro station escalator. Estrada determined Medina was unconscious. Estrada did not know if anyone called 911. Estrada identified appellant in a photographic lineup and positively identified him at trial.

Medina testified concerning the incident he was riding his bicycle on the street, someone struck him on the left side of his face, and he fell. Medina then saw appellant assaulting him on his head and body, and Medina lost consciousness. Medina identified appellant in a photographic lineup and at trial.

Los Angeles Police Officer David Ramirez testified that about 6:00 p.m. on May 4, 2013, he contacted appellant on Fickett, about four blocks from the Metro station. Ramirez later that evening heard a broadcast by officers about the Medina assault, heard the description of the suspect, and realized appellant matched the description.

Los Angeles Police Officer Jonathan Delgadillo testified as follows. About 9:00 p.m. on May 4, 2013, Estrada flagged Delgadillo down and told him the following. Estrada saw appellant on top of a person, later identified as Medina. Appellant was striking Medina repeatedly in the face. Estrada approached and, using profanity, asked what appellant was doing. Appellant asked Estrada if Estrada wanted some, and Estrada replied no and said he just wanted appellant to stop beating Medina.

Delgadillo obtained statements from only Medina and Estrada. Delgadillo testified Estrada's girlfriend was present and was a witness, but Delgadillo did not interview her and did not know at the time she was Estrada's girlfriend. However, she would have been referred to in the police report.

The parties stipulated a fire department report (defense exhibit C) would be admitted into evidence. Appellant proffered a Los Angeles Police Department (LAPD)

3

"incident recall" report that listed times and locations of officers. Delgadillo testified that, after a call was received, the "incident recall" report reflected when an incident had occurred, but such a call was not received in all cases. A "radio recall incident" report could be generated when a citizen called 911 or when, as in the present case, someone flagged down an officer and the officer generated the call.

Los Angeles Police Detective Miguel Barajas testified as follows. On May 6, 2013, Barajas met with Estrada. Estrada told Barajas that Trujillo had been present at the scene. Barajas arranged to meet her. After Barajas met with Estrada, Barajas met with Medina. A few days later, on May 9, 2013, Barajas met with Trujillo. Trujillo's statement to Barajas was reflected in a follow-up report. Estrada, Medina, and Trujillo each positively identified appellant from a photographic lineup.

Barajas testified a Metropolitan Transit Authority video depicted appellant running down an escalator, passing through turnstiles, and eventually boarding a train. The video was admitted into evidence. Delgadillo never mentioned Trujillo to Barajas. Trujillo's description to Barajas of the assailant was consistent with descriptions provided by Estrada and Medina. On May 11, 2013, police saw appellant on Fickett and Cesar Chavez, and arrested him.

b. *Defense Evidence.*

In defense, Trujillo testified that on the night of the incident, she indicated to Delgadillo that she was a witness and Delgadillo interviewed her. She also testified she would have been referred to in the police report. Appellant, who had suffered two felony convictions in 2006 and 2007, respectively, testified as follows. On the night of May 4, 2013, appellant crossed First and Soto, stood in front of an elevator, and someone struck him from behind. Appellant turned and saw Medina. Medina had blood on his face and was reaching into his left pocket. Medina "almost had his bike down" and fell. Two other men approached and appellant fled into a train. Appellant did not believe Estrada had been at the scene and Estrada was probably coached as a witness. Appellant did not know who would have coached Estrada.

4

2. *Procedural History.*

The information alleged the present offenses and prior conviction allegations previously discussed. After Trujillo and Estrada testified during the People's case-in-chief, the court permitted appellant to call Trujillo out of order as a defense witness. She testified as previously discussed.

On February 27, 2014, after Trujillo testified as a defense witness and the court excused her, appellant indicated he might want to recall Trujillo and Estrada to impeach them with testimony from an officer. The court indicated appellant would have to make a good cause showing and the court would then consider recalling them. The court also indicated appellant could subpoena Trujillo and Estrada as defense witnesses and appellant might not need to call them in any event. Medina subsequently testified for the People as previously indicated.

On March 3, 2014, the court, outside the presence of the jury, reminded appellant that if he wanted to call Trujillo as a witness, he had to take appropriate steps. Later that day, appellant indicated he was not calling additional witnesses because he had been unable to do so. However, appellant told the court he was trying to have his investigator subpoena Trujillo or "get her information," i.e., information permitting appellant to subpoena her. Appellant also said he was trying to subpoena the 911 calls of LAPD and the Los Angeles Fire Department. Appellant acknowledged a prior court had refused to "authorize" the calls as discovery. The prosecutor represented he was unaware of any 911 calls.

The court asked why appellant wanted to call Trujillo as a witness. Appellant replied Trujillo testified Delgadillo had interviewed her, but Delgadillo had testified Delgadillo had not interviewed her. The court indicated the offer of proof was unclear. The court reminded appellant he could subpoena Delgadillo. Appellant and his investigator disputed with the prosecutor about whether the investigator had asked the prosecutor for information that would have permitted the investigator to subpoena Trujillo.

5

The court noted the following. The court had given appellant multiple opportunities to examine Trujillo. Appellant had failed to ask the court to order her to remain on call, and had failed to have his investigator subpoena Trujillo. If Trujillo was recalled to testify, she would merely repeat her previous testimony. Appellant could argue to the jury any conflict between the testimony of Trujillo and Delgadillo. There were no 911 calls. Appellant had announced ready for trial. The prosecutor did not have fire department documents relating to the treatment of Medina, and appellant could have subpoenaed any such documents.

The court instructed the jury on, inter alia, the alleged offenses and simple assault as a lesser included offense of assault with a deadly weapon.[2] The jury convicted appellant as previously indicated. The court denied appellant's motion for a new trial. The court found true the prior conviction allegations, which were based on a 2006 robbery conviction (case No. BA303126).[3] The court ultimately sentenced appellant to prison for 13 years, consisting of eight years on count 1 (the four-year upper term, doubled pursuant to the Three Strikes law), plus five years pursuant to Penal Code section 667, subdivision (a). The court stayed punishment on count 2 pursuant to Penal Code section 654.

---

[2]     During discussions concerning jury instructions, the court refused to give a self-defense instruction, noting no evidence supported it. The court did not expressly state who requested the instruction, but appellant presumably requested it. We note the defense of self-defense presupposes appellant attempted to apply, or applied, force to Medina (with alleged justification). Medina's hospital medical records were admitted into evidence (although they are not part of the record before this court). The trial court took judicial notice of the definition of a fracture, the location of the ethmoid bone, and a diagram of that bone. During jury argument, the prosecutor commented Medina suffered numerous injuries as a result of the incident and the prosecutor, referring to the judicially noticed facts, commented Medina suffered a bone fracture on his eye socket.

[3]     Part of the documentary evidence presented during the court trial on the prior conviction allegations included a document reflecting appellant's address as "325[½] Ficket St" in Los Angeles.

6

## CONTENTIONS

After examination of the record, appointed appellate counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record. By notice filed August 14, 2015, the clerk of this court advised appellant to submit within 30 days any contentions, grounds of appeal, or arguments he wished this court to consider.

After this court granted appellant an extension to file a supplemental brief, appellant, on September 28, 2015, filed a supplemental letter brief. In it, appellant vaguely, and in largely conclusory fashion, argues as follows. *Brady*[4] violations occurred regarding (1) Trujillo's "identifying information" (i.e., information sufficient to enable appellant to subpoena her), (2) a "911 call and incident recall [report] to the 911 call to the fire department," and (3) a "subpoena to the fire department" for records. Prosecutorial and judicial misconduct occurred because appellant was not allowed to recall Trujillo as a witness and her testimony was false. The witnesses at trial were false witnesses, an issue appellant had raised in his motion for a new trial. Appellant encountered an (unidentified) witness in a "court holding tank" and was not allowed to obtain an affidavit from that witness. Appellant sought a new trial because he did not receive a fair trial; every time he requested discovery from the prosecutor, the prosecutor responded with fabrication, unethically, or not at all. Appellant was exhausting his state remedies. He asked his appellate counsel to raise the above issues, and others, because they were critical and prevented appellant from receiving a fair trial; the result was his right to due process was violated. We conclude appellant's arguments fail to demonstrate error.

## REVIEW ON APPEAL

We have examined the entire record and are satisfied counsel has complied fully with counsel's responsibilities. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

---

[4] (*Brady v. Maryland* (1963) 373 U.S. 83 [83 S. Ct. 1194].)

7

*DISPOSITION*

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

JONES, J. *

We concur:

EDMON, P. J.

ALDRICH, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.